UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 00-25 T |
| | : | |
| JOHN O'MALLEY | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on November 9, 2005, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant released pending final sentencing before Chief Judge Torres. Based upon the following analysis and the admission of the Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of eight (8) months of incarceration to be followed by a term of supervised release for a period of twenty-four (24) months, during which he shall participate in a substance abuse program as directed by the Probation Department, which program may include testing to determine whether Defendant has reverted to the use of drugs. I further recommend that, while on supervised release, Defendant participate in a mental health/gambling treatment program as approved by the Probation Department and**

**complete ten (10) hours of community service per week as directed by the Probation Department.**

**Background**

On October 18, 2005, the Probation Office petitioned the Court for a Summons to be served on the Defendant. On October 18, 2005, the District Court reviewed the request and ordered the issuance of a summons. Pursuant to the summons, Defendant presented himself in Court on November 9, 2005, for a hearing. He then admitted to the following charges:

> **The Defendant shall refrain from any unlawful use of a controlled substance.**
>
> On August 4, 2005, the Defendant admitted that while on a gambling binge, approximately two weeks earlier he used marihuana.
>
> **The Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**
>
> The defendant has failed to submit a monthly report for the month of September 2005 which was due on October 5, 2005.
>
> **The Defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**
>
> The defendant has left his employment at Route 6 Auto Mall, Swansea, Massachusetts in late July 2005 and late September 2005 and failed to notify the probation office.
>
> **The Defendant shall participate as directed in a program of mental health treatment approved by the Probation Office.**
>
> On August 9, 2005, Mr. O'Malley was instructed that he would be required to attend mental health counseling weekly. Mr. O'Malley failed to attend mental health counseling sessions on August 24, 2005, August 31, 2005, October 5, 2005, and October 12, 2005.

> **For every week the defendant is not employed on a full-time basis, the defendant shall perform 25 hours of community service; for every week the defendant is employed on a full-time basis the defendant shall perform 10 hours of community service as approved by the U.S. Probation office. The Court recommends that the defendant's community service be in the form of addressing young groups on the dangers and problems associated with getting involved in drugs.**
>
> The defendant has failed to perform 10 hours of community service per week since April 2005, and has not reported to his community service location since September 22, 2005.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is life.

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous

supervised release revocation, that term of imprisonment must be subtracted from the above stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class B felony. Therefore, he may not be required to serve more than three years' imprisonment upon revocation. However, since Defendant has already served four months' imprisonment as a result of one or more previous revocations, the statutory maximum term of imprisonment remaining is thirty-two months.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life. There has been a total of four months' imprisonment previously imposed for violations of supervised release. Therefore, the Court may still impose a term of supervised release for life.

Section 7B1.1 of the United States Sentencing Guidelines ("USSG") provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a

controlled substance offense, or (iii) involves possession of a firearm or destructive device, or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) states that upon finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed Grade C violations. Therefore, the Court may revoke, extend or modify the conditions of supervision.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention, or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the Defendant was originally sentenced. In this instance, Defendant had a Criminal History Category of I at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed Grade C violations

and has a Criminal History Category of I. Therefore, the applicable range of imprisonment for this violation is 3 to 9 months.

Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

This is Defendant's second violation. Defendant's first period of supervision commenced on October 10, 2002, and he was found to be a violator by admission on October 13, 2004. For that

violation, Defendant was sentenced to four months' imprisonment and an additional thirty-six months' supervised release.

Defendant's second period of supervised release commenced on February 10, 2005, and it only took nine months this time for Defendant to again be found to be a violator by admission. Similar to his first violation, this violation involved the use of an illegal drug, failure to complete community service and other forms of noncompliance. Also, similar to his first violation, there is no evidence that Defendant has reverted to the serious criminal behavior which resulted in his original conviction in 2000 for distribution of cocaine base.

This is a troubling case. Defendant has shown some positive signs during his period of supervised release. For instance, he has been able to secure and maintain stable employment for lengthy periods of time and has apparently gone stretches without drug use. His current violation involves an admission of marihuana use on one occasion in July, and he has had no positive drug screens during his current period of supervision. As to the other issues of noncompliance, Defendant indicates that he is overwhelmed by the obligations and unable to juggle them all. This Court does not know if Defendant is suffering from a form of mental illness which causes his impulsive, noncompliant behavior or if he simply chooses to disregard the rules of supervision. Because of the nature of his erratic behavior, Defendant's conditions were recently modified by the Court this past August to include mental health treatment to evaluate Defendant and determine if medication is warranted. Probation reports that Defendant's attendance at mental health counseling has been sporadic (50/50) and Defendant cites transportation issues (he has no car, lives with his mother in Westerly and his counselor is located in Providence) as the reason for his attendance problems.

At the hearing, the Government indicated that it had a difference of opinion with Probation as to the appropriate sentence. The Probation Office, apparently frustrated with Defendant's noncompliance, recommended that Defendant be sentenced to nine months' imprisonment (guideline maximum) with no further supervised release. The Government did not believe that it was appropriate to let Defendant "off the hook" with such a sentence. It argued two alternatives: (1) nine months' imprisonment followed by thirty-six months' additional supervised release; or (2) twenty-four months' imprisonment followed by no supervised release. Defendant's counsel argued that sentencing should be continued for several months to give Defendant an opportunity to get back on track and otherwise reserved argument for final sentencing.

Defendant has continued to violate the most basic conditions of supervised release. This is his second violation and he should suffer a more severe punishment for this violation. However, this Court believes that the Government's proposed twenty-four month sentence is simply too severe, given the nature of the violation and the guideline range. While this Court understands Probation's frustration with this Defendant, this Court does not agree that Defendant should be totally excused from future supervised release. Probation apparently believed that Defendant's noncompliant behavior may have been due to mental health issues and successfully petitioned the Court in August for a modification to include a condition of mental health treatment. Approximately two months later, Probation pursued this violation against Defendant. He had attended only four mental health counseling sessions and failed to attend four others. If Defendant has any mental health issues, it is very unlikely that those issues could have been adequately identified and treated in such a short period of time.

Taking all of the facts and circumstances into consideration, this Court recommends that Defendant be sentenced to eight months' imprisonment[1] for this second violation to be followed by a term of supervised release of twenty-four months with the special conditions noted below. This Court believes that doubling Defendant's punishment for this second violation is a sufficient punishment and that Defendant has shown enough positive signs to warrant at least one more attempt at supervision to assist this Defendant in addressing his drug and gambling problems, and any mental health issues he may have.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of eight (8) months of incarceration to be followed by a term of supervised release for a period of twenty-four (24) months, during which he shall participate in a substance abuse program as directed by the Probation Department, which program may include testing to determine whether the Defendant has reverted to the use of drugs. I further recommend that, while on supervised release, the Defendant participate in a mental health/gambling treatment program as approved by the Probation Department and complete ten hours of community service per week as directed by the Probation Department.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to

---

[1] Although the guideline maximum may be warranted for this second violation, Defendant has been given one months' "credit" for candidly admitting his violation and, thus, avoiding the necessity of a contested hearing.

review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
November 15, 2005