UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR No. 00-25-01T
:
JOHN O'MALLEY :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on March 19, 2008, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Senior District Judge Ernest C. Torres. Based upon the following analysis and the admission of Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of fourteen (14) months of incarceration.**

**Background**

On March 4, 2008, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On March 6, 2008, the District Court reviewed the request and ordered the issuance of a Warrant. Defendant was arrested and appeared in Court on March 19, 2008. On March

19, 2008, Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on probation, the defendant shall not commit another federal, state or local crime. The defendant shall not illegally possess a controlled substance.**
>
> On February 9, 2008, John O'Malley committed the offenses of Manufacturing/Possession/Deliver of Controlled substance (Cocaine), Conspiracy to Violate Controlled Substances Act, and Possession of a Controlled Substance in Charlestown, Rhode Island.
>
> **The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**
>
> Mr. O'Malley has failed to submit monthly supervision report forms for the months of November 2007, December 2007 and January 2008 which were due December 5, 2007, January 5, 2008 and February 5, 2008 respectively.
>
> **For every week not employed on a full-time basis, the defendant shall perform 25 hours of community service; for every week the defendant is employed on a full-time basis, he shall perform 5 hours of community service as approved by the U.S. Probation Office. The Court recommends that the defendant's community service be in the form of addressing young people on the dangers and consequences associated with getting involved in drugs.**
>
> The defendant has failed to perform his community service hours as directed.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the

maximum term was previously imposed. In this case, the maximum term of supervised release is life.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class B felony. Therefore, he may not be required to serve more than three years' imprisonment upon revocation. However, since Defendant has already served twelve months' imprisonment as a result of one or more previous revocations, the statutory maximum term of imprisonment remaining is twenty-four months.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in

the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life. There has been a total of twelve months' imprisonment previously imposed for violations of supervised release. Therefore the Court may impose a term of supervised release for life.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade A violation. Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of I at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade A violation and has a Criminal History Category of I. Therefore, the applicable range of imprisonment for this violation is twelve to eighteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Since he finished his original thirty-seven month term of incarceration, Defendant has served on supervised release for approximately fifty-six months. He has two prior violations and has served an additional twelve months in prison. To say the least, Defendant's compliance with his conditions of supervision has been abysmal. While Defendant has shown the ability to sustain employment and refrain from drug use, he has been unable to do so consistently. Defendant blamed his transgressions on a tendency towards "compulsive behaviors." The Government argues for a maximum sentence of eighteen months with no further supervision. Defendant's counsel argued that Defendant should be given credit for admitting to the violations and argued for a lesser sentence. Defendant also argued for no additional supervision.

Defendant's current violation primarily arises out of his arrest for possessing a small amount of cocaine which he reportedly was trying to sell to make a "quick $200." Defendant's return to selling illegal drugs after serving a total of approximately four years in prison and nearly five years under supervision is troubling and does not bode well for this Defendant's future. He is approaching thirty years of age and needs to decide how he wants to live out the remainder of his adult life – in and out of jail, or productively.

Defendant's current violation warrants further punishment. Taking into account of all of the facts and circumstances (including Defendant's decision to admit the violations and accept responsibility for his actions), I conclude that a final violation sentence of fourteen months is warranted and so recommend. I also concur with the assessment of both sides that further supervision would not be productive. Defendant has served a significant period on supervision and substantial time and resources have been invested in Defendant without any positive return. Sadly, I conclude that a further term of supervision would be unproductive and so recommend.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of fourteen (14) months of incarceration.** Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United

States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 24, 2008